## ELIZABETH PERRIN AND LOUISA PERRIN
### v.
## A. S. DEVENDORF.

*Action to Recover Damages for Personal Injuries—Verdict for Plaintiff, not Sustained by the Evidence.*

In an action to recover damages for personal injuries, the plaintiff having been knocked down at a street crossing by a horse driven by the defendants, it is held that the evidence does not support the verdict for the plaintiff.

[Opinion filed January 15, 1887.]

APPEAL from the Circuit Court of Knox Coun'y; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. GEORGE W. THOMPSON and F. F. COOKE, for appellants.

MR. FREDERICK A. WILLOUGHBY, for appellee.

Perrin v. Devendorf.

BAKER, P. J.    This was a case for personal injuries, wherein appellee recovered verdict and judgment for $800 damages.

The charge in the declaration was substantially, that while appellee, in the exercise of due care, was walking on a certain cross-walk at the intersection of Main and Seminary streets in the city of Galesburg, appellants negligently and carelessly and at a great and dangerous rate of speed rode and drove a horse and wagon and struck him, knocking him off the cross-walk and down on the street and injuring him.

We have carefully examined the evidence in the record and are wholly unable to conclude therefrom that there was any culpable negligence on the part of appellants.    Elizabeth Perrin was driving a horse and buggy along the street early in the evening of October 23, 1885; and her daughter-in-law, Louisa Perrin, was riding with her in the buggy.    According to their testimony, and also that of the witness Long, they were only driving at an ordinary trot.    No witness contradicts this statement, and it is corroborated by the fact, stated by appellee's own witnesses, that the horse stopped without going over the crossing.    With the exception of the evidence of appellants themselves, there is no proof they saw appellee until he stepped in front of their buggy; and they testify he was standing on the street car track, and apparently, and as they thought, waiting for them to pass by.    From the surrounding circumstances, and the age and physical infirmity of appellee, and his statements made immediately after the occurrence, the conclusion is irresistible that he got dazed, and rushed into danger, instead of out of it, and thereby occasioned the injuries which he received.    It was an unfortunate accident, and no doubt appellee was seriously hurt, but it would be unjust, in the absence of fault or wrong upon their part, to compel appellants to compensate him therefor.

The evidence does not support the verdict and it was therefore error to overrule the motion for a new trial and render judgment thereon.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*